IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-14-41-1 |
| | § | |
| WILLIAM HENDRICKS WILLIAMS | § | |

### MEMORANDUM OPINION AND ORDER

Defendant William Hendricks Williams, proceeding *pro se*, filed a motion for a reduction in sentence and/or compassionate release pursuant to 18 U.S.C. §§ 3582(c)(1)(A) and (c)(2). (Docket Entry No. 170.) The Government filed a response in opposition (Docket Entry No. 172).

Having considered the motion, the response, the record, and the applicable law, the Court DENIES the motion for the reasons explained below.

### *Background*

Defendant is a 34-year old male currently confined at Victorville USP, a high-security Federal Bureau of Prisons ("BOP") penitentiary in California. He pleaded guilty before this Court in November 2014 to conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a); two counts of aiding and abetting Hobbs Act robbery, 18 U.S.C. § 1951(a) and 18 U.S.C. § 2; and aiding and abetting the discharge of a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(iii) and § 2. On May 14, 2015, the Court imposed a total sentence of 360 months' imprisonment with the BOP. The BOP currently reports Defendant's anticipated release date as August 5, 2041.

Defendant's pending motion presents an amalgamation of arguments seeking a reduction in his sentence on the following grounds:

1. "Compassionate release" under section 3582(c)(1)(A);

2. Dismissal of the section 924(c) sentences attached to the Hobbs Act robbery predicate offenses pursuant to recent cases from the Sixth and Eleventh Circuit Courts of Appeals; and

3. "Obvious disparities" in sentencing.

The Government argues that Defendant is not entitled to relief because he failed to exhaust his administrative remedies, his request is not supported by law, he is bound by his plea agreement, and he continues to present a danger to the community.

### *Compassionate Release Under Section 3582(c)(1)(A)*

Defendant brings in part his motion for a sentence reduction and/or compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court in its discretion to modify a sentence under certain circumstances. Under the current version of the statute, a motion for modification may be made by either the Director of the BOP or by a defendant after the defendant has fully exhausted his administrative rights. 18 U.S.C. § 3582(c)(1)(A).

The Fifth Circuit Court of Appeals recently determined that the administrative exhaustion requirements of section 3582(c)(1)(A)(i) are not jurisdictional, but they are mandatory. *United States v. Franco*, Appeal No. 20-60473 (5th Cir. Sept. 3, 2020) (holding that the statute's requirement that a defendant file a request with the BOP before filing a motion in federal court is a mandatory, nonjurisdictional claim-processing rule). Defendant

does not state that he exhausted his administrative remedies prior to filing this motion. Moreover, the Government reports in its response that prison officials confirmed that Defendant has not exhausted his administrative remedies. Consequently, Defendant's motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) is DISMISSED WITHOUT PREJUDICE for his failure to exhaust.

Regardless, Defendant's grounds for relief lack merit.

### *Dismissal of Section 924(c) Sentences*

Defendant contends that the section 924(c) sentences attached to his Hobbs Act robbery predicate offenses should be dismissed because they are not crimes of violence. In support, he cites recent decisions from the Sixth and Eleventh Circuit Courts of Appeals. However, his argument regarding "crimes of violence" was rejected by the Fifth Circuit Court of Appeals in its order denying Defendant leave to file a successive section 2255 motion:

> Williams now moves for authorization to file a successive 28 U.S.C. § 2255 motion to challenge his § 924(c) conviction and sentence.
>
> * * * *
>
> Williams asserts that the predicate crime of violence offense for his § 924(c) conviction was conspiracy to commit Hobbs Act robbery. He argues this was error because this court has held that a conspiracy conviction is not a crime of violence under the elements clause of § 924(c)(3)(A), *see United States v. Jones*, 935 F.3d 266, 271 (5th Cir. 2019), and the Supreme Court has struck down the residual clause of § 924(c)(3)(B) in *Davis*.
>
> It is clear from the record that the predicate crime of violence offense for Williams's § 924(c) conviction was aiding and abetting Hobbs Act robbery,

> not his conviction for conspiracy to commit Hobbs Act robbery. *Convictions for Hobbs Act robbery are categorically crimes of violence under the elements clause of § 924(c)(3)(A).* Because the sentencing court had no reason to apply the residual clause of § 924(c)(3)(B), Williams's conviction and sentence are not affected by the decision in *Davis*.

*United States v. Williams*, No. 19-20829 (5th Cir. Apr. 16, 2020) (emphasis added). The cases cited by Defendant determined that Hobbs Act robbery was not a crime of violence for purposes of the career offender sentencing guidelines. Defendant was not sentenced under those guidelines, and he does not establish applicability of the cases to his sentencing. Nor does he show that his claim is not barred by the waiver provisions of his plea agreement. To the extent Defendant argues that his sentencing structure resulted in unlawful "obvious disparities" in sentencing, he provides no support for such claim.

Defendant's motion to dismiss his section 924(c) sentences is DENIED, but without prejudice in the event Defendant elects to seek leave from the Fifth Circuit Court of Appeals to file a subsequent motion for relief under section 2255.

### *Sentencing Factors*

As provided in section 3582(c)(1)(A) and the policy statement, a court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a). The policy statement also

recognizes that the sentencing court "is in a unique position to determine whether the circumstances warrant a reduction . . . after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement[.]" U.S.S.G. § 1B1.13 cmt. 4.

Moreover, Sentencing Guideline § 1B1.13(2) authorizes a sentence reduction only if the defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)."

As correctly argued by the Government in its response, Defendant's lengthy and on-going criminal history of violent offenses would compel a finding that he presents a danger to the safety of the community. From the age of 11, when he injured several children by throwing a rock through a school bus window, to ages 14 and 17 when he shot a pellet gun at a car window and assaulted a juvenile correction officer, Defendant has exhibited a propensity for criminal and violent behavior. At age 20, he was sentenced to six years' incarceration in state prison for credit card fraud after threatening the victim who reported him. Within a year after serving that sentence, Defendant was involved in a series of armed robberies that culminated in his convictions and imprisonment in the instant case. During one of these armed robberies, Defendant shot and wounded an armored car guard who sustained eight bullet wounds, a shattered hip, and loss of use of a hand.

Defendant fails to demonstrate that he is not a danger to the safety of the community under Sentencing Guideline § 1B1.13(2) or otherwise merits release under the section 3553(a) factors.

*Conclusion*

For the reasons set forth above, Defendant's motion for a sentence reduction and/or compassionate release under 18 U.S.C. § 3582(C)(1)(A) (Docket Entry No. 170) is DENIED.

Signed at Houston, Texas, on September 9, 2020.

Gray H. Miller
Senior United States District Judge